## Maurice Estate.

104

Argued April 22, 1968.   Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS,
JJ.

*Donald Reuter,* with him *Duvall & Reuter,* for appellants.

*Robert J. Murphy,* with him *Bennett, Davis & Murphy,* for appellee.

Opinion by Mr. Justice Jones, January 15, 1969:

Margaret Stewart Maurice (decedent), a Bradford County resident, died testate on December 25, 1958. Citizens National Bank and Trust Company, Towanda, was named as Executor under decedent's last will and testament. Decedent's estate was valued at approximately $900,000.00.

On March 22, 1960, the Executor filed the Federal Estate Tax return and paid the tax which it estimated. Approximately two years and four months later—July 20, 1962—the United States Government assessed a tax deficiency against the estate and this deficiency was paid on September 5, 1962.

On May 21, 1964, a conference was held between counsel for the Executor and counsel for the present appellants, the testamentary residuary legatees, at which the latter outlined in detail for counsel for Executor an error made by the Executor in the Federal Estate Tax return. This error, it was claimed, was caused by the failure of the Executor to claim credit in said Estate Tax return for a tax previously paid on prior transfers from the Marion Maurice[1] Estate, Marion Maurice having predeceased decedent by approximately three and one-half years.

Thereafter, on July 9, 1964, the Executor claimed a Federal Estate Tax refund. The Executor was successful in recovering $6,934.14 of an overpayment of tax because the statute of limitations had not barred a recovery against the deficiency assessment which it had paid. However, the bulk of the Executor's claim

---

[1] Marion Maurice, a sister of decedent, under her will provided her residuary estate be held in trust and that the net income therefrom, remaining after payment of certain income legacies, be paid decedent for life. Decedent's estate was entitled to a credit for tax paid on prior transfers of income under the Marion Maurice trust.

for a refund was denied because the statute of limitations had run.

When the Executor filed its Second and Final Account, later amended, the appellants filed exceptions thereto, only one of which was pressed before the court below and only one of which is now before us. The appellants excepted to the account claiming that, by reason of the Executor's failure to claim an allowance of credit for tax previously paid on the prior transfers in the Marion Maurice Estate, an overpayment of Federal Estate Tax in the amount of $17,215.28 was made. For this overpayment and resultant loss to the estate the appellants claimed the Executor should be surcharged.

When the matter came before the Orphans' Court of Bradford County, the parties entered into a stipulation, the salient portions of which are as follows: (1) that a loss to decedent's estate in the amount of $17,-215.28, with interest from March 22, 1960, resulted from the Executor's overpayment of the federal estate tax; (2) that this error was called to the attention of counsel for the Executor on May 21, 1964; (3) that the Citizens National Bank and Trust Company and its counsel had acted as Executor and counsel respectively for both the estates of Marion Maurice and the present decedent; (4) that, during their lifetimes, Marion and Margaret Maurice had engaged the services of LaBarr and LaBarr, accountants and tax consultants, and that LaBarr and LaBarr acted not only for them during their lifetimes but were also retained by the Executor to act in connection with their estates; that, in connection with the instant decedent's estate, LaBarr and LaBarr prepared and filed the Federal Estate Tax return and were in turn paid $17,-572.69 out of the estate funds for their services in preparing and filing such return; (5) that when the Federal Estate Tax return was audited LaBarr and La-

Barr were not consulted by the Executor and they were not present at the original audit or at a later audit when the tax deficiency was assessed.

Appellants' claim for a surcharge against the Executor was presented to the court below on the basis of this stipulation. The court dismissed appellants' objection to the Executor's account and confirmed the account. The rationale of the court below was that it was the burden of appellants, seeking to surcharge the Executor for the overpayment of tax, to bear the burden of proving that the Executor had failed to exercise common prudence, common skill and common caution in the exercise of its fiduciary duty, and appellants had failed to sustain their claim to a surcharge. From the decree confirming the account the instant appeal was taken.

We are of the opinion that, under the circumstances, the court below was in error.

It is settled beyond question that it was the duty of the Executor to pay the Federal Estate Tax, and this duty, if not performed, would result in individual liability on the part of the Executor. See: Internal Revenue Code (Act of August 16, 1954, c. 736, 68 A. Stat. 374, 26 U.S.C. §2002). Cf. *Mellon's Estate*, 347 Pa. 520, 529, 32 A. 2d 749 (1943).

In the performance of its duties, including the payment of taxes, inheritance and estate, it is the duty of the fiduciary to exercise common skill, prudence and caution. See: *Jones Estate*, 400 Pa. 545, 162 A. 2d 408 (1960); *Huff's Estate*, 347 Pa. 53, 59, 31 A. 2d 507 (1943); *Jones' Estate*, 344 Pa. 100, 104, 105, 23 A. 2d 434 (1942).

We are fully aware of the principle well settled in this area of the law that those who seek to surcharge a fiduciary for breach of trust must bear the burden of proving the particulars of his wrongful conduct. See: *Bard's Estate*, 339 Pa. 433, 437, 13 A. 2d 711

(1940); *Lerch Estate,* 399 Pa. 59, 68, 159 A. 2d 506 (1960).

In the case at bar, it is established beyond dispute that, through error in not taking credit for property previously taxed, the Executor overpaid the Federal Estate Tax in an amount in excess of $17,200.00. An examination of the record indicates that the Executor received commissions of approximately $35,000.00, counsel for Executor received fees of approximately $35,000.00, and the accountants and tax consultants received fees in excess of $17,500.00. It is only reasonable and logical to expect that services so well compensated for should have been performed in a careful and skillful manner. Moreover, it should be kept in mind that the estate wherein the property had been previously taxed was represented by the present fiduciary, the present counsel for the Executor and the present firm of accountants and tax consultants.

An error of this magnitude arising from the failure to take a credit for taxes previously paid under federal estate tax law certainly casts upon the Executor the burden of explanation.

This glaring error in overpayment of tax having been shown, it was the burden of the Executor to come forward with evidence to prove that, in handling the federal estate tax matters, it used common skill, prudence and due care under the circumstances. Appellants, in the first instance, assumed their burden of coming forward with the evidence and the burden was then shifted to the Executor to prove due care. The court below was in error in dismissing the exception without requiring proof from the Executor in explanation of the overpayment of this tax and in proof that it employed common caution and skill.[2]

---

[2] The inference arises from the fiduciary's brief that it had relied on its counsel and tax consultants in this matter. Of such

The parties in interest in this estate are entitled to know *why* a corporate executor, holding itself out to the public as competent and capable in the administration of decedents' estates, overpaid this tax. Such explanation is wholly lacking on this record. See, *Griffith's Estate*, 96 Pa. Superior Ct. 242, 246, 247 (1929). Evidence, if any, exculpatory of the overpayment of this tax should be heard and considered.

Decree vacated and the matter remanded to the court below for proceedings consistent with the views expressed in this opinion. Executor pays costs.

Mr. Justice MUSMANNO did not participate in the decision of this case.

there is no proof of record. The right of the executor to employ tax consultants and compensate them out of estate funds, the right, if any, to rely on counsel and/or tax consultants and the extent to which, if any, reliance thereon would exonerate the executor from surcharge are questions not before us in the state of this record and are not passed upon by us, expressly or by implication.